BENJAMIN GROSS AND ESTHER GROSS, PLAINTIFFS-APPELLEES, v. CASTLE'S ICE CREAM COMPANY, A CORPORATION.

Decided October 6, 1924.

**Negligence—Motor Vehicle Truck Running Into Building—Truck Stopped on Incline on Icy Street—Brakes Found Not Holding.**

On appeal from the First District Court of Newark.

Before Justices KALISCH and KATZENBACH.

For the appellant, *Joseph T. Lieblich*.

For the appellees, *Milton M. Unger*.

PER CURIAM.

The plaintiffs brought their action against the defendant to recover damages done to their building by a motor truck of the defendant-appellant, running into and against the building and thereby injuring it.

There was a judgment for the plaintiffs against the defendant, from which judgment the defendant appeals to this court.

The state of the case, as settled by the trial judge, discloses that the driver of the defendant's motor truck brought it to a stop on the upgrade of a public street and left it without any person in charge to go into a store to get an order, and while there, at least three minutes, he perceived the

60

truck slowly backing down the grade in the direction of the plaintiffs' building, and he immediately ran out of the store and jumped on the truck and found that his emergency brake had given way; that the truck continued to back slowly down the hill until it hit the curb of the plaintiff' corner, where their building stood, which stopped the truck's further progress; that the tailboard, which was projecting from the back of the truck between four and six feet, hit the corner of the plaintiffs' building knocking off the corner board of the building, which was rotted from exposure; that immediately after the accident, the inside walls and plaster in six rooms on the Rose street side of the building were found to be cracked and damaged, where such condition had not appeared before; that a builder, who for many years had been an inspector of buildings, testified that, in his opinion, the collision with the defendant's truck was the sole cause of the damage to the walls and plaster, and to repair the injury to the building caused by that collision would cost $430.20. The stated case further discloses that the street was covered with snow and ice at the time of the accident, and that there was no proof of any inspection of the emergency brake prior to the accident; that the defendant's driver testified that the truck had been in a fine working condition from seven o'clock that morning and had traveled hills; that there was a motion on behalf of defendant, after the plaintiffs rested their case, for a nonsuit upon the ground that there was no proof of negligence, which motion was denied, and an exception noted, and a motion at the close of the case for the direction of a verdict on the same ground, which motion was also denied and an exception noted.

We think both motions were properly denied.

The circumstances, as established by the evidence, warranted a finding that the driver was negligent. He stopped the truck on an incline of a street covered with snow and ice and left it unattended. It does not appear that he took any precaution to block the wheels to prevent the truck from sliding down the grade. He made no attempt to ascertain

whether the emergency brake was in good condition and was sufficient to hold the truck in place.

It was, therefore, in the face of these circumstances, a question of fact for the trial judge, sitting as a jury, to decide whether or not the driver had exercised that ordinary care or prudence which an ordinary prudent perso would ordinarily have exercised placed in a similar situation.

While it is true that the state of the case does not in express terms declare that the trial judge found that the defendant's driver was guilty of negligence, but since it does appear that a motion was made on behalf of the defendant for a nonsuit on the ground that the plaintiffs had failed to establish negligence of the defendant and a motion to direct a verdict for defendant upon the same ground, both of which motions the trial judge refused to grant, and gave judgment for the plaintiffs, this, in our opinion, was a sufficient finding of negligence.

Judgment was affirmed, with costs.